AO 106 (Rev. 04/010) Application for Search Warrant          AUTHORIZED AND APPROVED/DATE:     Brandon Hale, 8/25/2022

# UNITED STATES DISTRICT COURT
### for the

_____WESTERN_____ DISTRICT OF _____OKLAHOMA_____

**FILED**

AUG 2 6 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ DEPUTY

In the Matter of the Search of

PROPERTY KNOWN AS:
1.  Samsung Galaxy S21 / IMEI:
    IMEI: 357450240493367

IN THE POSSESSION OF:
HSI Oklahoma City
3625 NW 56th St
OKC, OK 73112

)
)
)
)
)
)
)
)
)
)

Case No: M-22-624-P

## APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(identify the person or describe property to be searched and give its location)*:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and incorporated by reference.

The basis for the search under Fed. R. Crim.P.41(c) is (*check one or more*):
☒     evidence of the crime;
☒     contraband, fruits of crime, or other items illegally possessed;
☒     property designed for use, intended for use, or used in committing a crime;
☐     a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:
*Code Section*                                    *Offense Description*
18 U.S.C. § 2252A(a)(5)(B)                         Possession of child pornography

The application is based on these facts:

See attached Affidavit of Special Agent Abraham Schenk, Homeland Security Investigations, which is incorporated by reference herein.
☒     Continued on the attached sheet(s).
☐     Delayed notice of _____ days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

_____
*Applicant's signature*
ABRAHAM SCHENK
Special Agent
Homeland Security Investigations

Sworn to before me and signed in my presence.

Date: _____ 8/26/22 _____

City and State: <u>Oklahoma City, Oklahoma</u>

_____
*Judge's signature*

<u>GARY M. PURCELL, U.S. Magistrate Judge</u>
*Printed name and title*

## ATTACHMENT A

### DESCRIPTION OF LOCATIONS TO BE SEARCHED

The DEVICE is a Samsung Galaxy S21 with a full, black screen on the front and the back/sides are silver with three large circular camera lenses on the top left, one small camera lens, and the words "SAMSUNG," "Manufactured in Vietnam," and "IMEI: 357450240493367" labeled on the bottom of the back of the DEVICE.

 



## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1.      Any and all digital notes, documents, records, or correspondence pertaining to the possession of child pornography as defined in 18 U.S.C. § 2256(8).

2.      Any and all digital images of child pornography as defined in 18 U.S.C. § 2256(8).

3.      Any and all digital notes, documents, records, or correspondence identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8).

4.      Any and all digital notes, documents, records, or correspondence concerning the receipt, transmission, or possession of child pornography as defined in 18 U.S.C. § 2256(8).

5.      Any and all digital notes, documents, records, or correspondence concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to whose with an interest in child pornography.

6.      Any and all digital notes, documents, records, or correspondence concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

7.      Any and all digital records, documents, invoices and materials that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection

1

to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

8.      Any and all digital address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8).

9.      Any and all records pertaining to ownership of the DEVICE described in the affidavit.

10.     Any and all diaries, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

2

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

1.     I, Abraham Schenk, a Special Agent with Immigration and Customs Enforcement (ICE) / Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

I have been employed as a Special Agent with ICE/HSI since January 30, 2011 and am currently assigned to the HSI Office of the Resident Agent in Charge, Oklahoma City, Oklahoma, as a criminal investigator. As an HSI special agent, I frequently conduct investigations relating to the illegal possession of child pornography and child exploitation, along with other federal criminal violations. I have received formal training and instruction in child exploitation investigations from the Federal Law Enforcement Training Center, Glynco, Georgia, from the Fox Valley Technical College, sponsored by the Oklahoma State Bureau of Investigations (OSBI), and from on-the-job training and experience. Additionally, I am a law enforcement member of the Oklahoma Internet Crimes Against Children (ICAC) Task Force.

2.     I have been involved in all aspects of investigations of child pornography possession and distribution, to include; applying for and conducting search and arrest warrants, evidence collection, seizing documents and electronics, and the prosecution of related offenders. I have had conversations with, and have been in the company of, other experienced local, state, and federal law enforcement officers, as well as prosecuting attorneys at the state and federal levels, concerning child exploitation activities and criminal

1

violations. Additionally, I have worked in the company of other experienced law enforcement officers and have discussed with them their investigative techniques and experiences with child exploitation investigations. In the course of investigations which I have been party to, I have become familiar with the psychological behaviors and practices of violators involved in the possession and distribution of child pornography, including the manner in which child pornography is obtained, stored and distributed; as well as the methods used by child predators to groom and sexually exploit children.

3.     The statements contained in this affidavit are based in part on information provided by law enforcement officials and others known to me, and on my own experience and background as a law enforcement officer. Since the affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that a violation of Title 18, United States Code, Section 2252A(a)(5)(B) has been committed and that the instrumentalities, fruits, and evidence of that crime will be found in a particular place to be searched.

4.     This affidavit is made in support of a search warrant for the following item ("DEVICE"), which is depicted and further described in Attachment A hereto, is currently in the legal custody of HSI Oklahoma City:

    a.     Samsung Galaxy S21 / IMEI: 357450240493367

2

I am submitting this affidavit in support of a search warrant authorizing a search of the DEVICE and the seizure from the DEVICE of electronically stored content and information described in Attachment B hereto, which content and information constitute instrumentalities, fruits, and evidence of the foregoing violation.

**BACKGROUND REGARDING COMPUTERS, THE INTERNET, AND E-MAIL**

5.      Based on my training, experience and knowledge, I know the following:

a.      Computers (as broadly defined in 18 U.S.C. § 1030(e)) (which include cell phones) and computer technology have revolutionized the way in which child pornography is produced, distributed, and utilized. It has also revolutionized the way in which child pornography collectors and producers interact with each other.  Child pornography formerly was produced using cameras and film (either still photography or movies.) The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images.  As a result, there were definable costs involved with the production of pornographic images.  To distribute these on any scale also required significant resources.  The photographs themselves were somewhat bulky and required secure storage to prevent their exposure to the public. The distribution of these wares was accomplished through a combination of personal contact, mailings, and telephone calls. Any reimbursement would follow these same paths.

b.      The development of computers, including various types of cell phones, has added to the methods used by child pornography collectors to interact with and sexually

3

exploit children.  Computers, including cell phones, may serve four functions in connection with child pornography.  These are production, communication, distribution, and storage.

    c.  Child pornographers can now transfer photographs from a camera onto a computer-readable format with a device known as a scanner.  With the advent of digital cameras, including cell phone digital cameras, the images can now be transferred directly from the camera onto a computer.  A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection.  Electronic contact can be made to literally millions of computers around the world.  The ability to produce child pornography easily, reproduce it inexpensively, and distribute it anonymously (through electronic communications) has drastically changed the method of distribution and receipt of child pornography.  Child pornography can be transferred via e-mail or through file transfer protocols (FTP) to anyone with access to a computer and modem, i.e., Internet access.  (The File Transfer Protocol (FTP) is a protocol that defines how to transfer files from one computer to another.  One example, known as "anonymous FTP," allows users who do not have a login name or password to access certain files.)  Because of the proliferation of commercial services that provide electronic mail service, chat services (i.e., "Instant Messaging"), and easy access to the Internet, the computer is a preferred method of distribution and receipt of child pornographic materials.  Due to the nature of many cell phones, child pornographic materials may also be distributed via cell phone, utilizing the Internet, text, and e-mail capabilities of many phones.

d.     The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years. These drives can store hundreds of thousands of images at very high resolution. Additionally, other modern digital file storage devices such as thumb drives (i.e., flash drives), external hard drives, SD cards (i.e., secure digital cards), "smart phones" such as iPhones, Blackberries, etc., and even regular cell phones have the ability to store images and video in digital form on the phone itself and on storage media compatible with them. Accordingly, digital files such as movies and pictures can be quickly and easily transferred back and forth between devices or stored simultaneously and indefinitely on both devices. Such devices—even very small ones—can store very large amounts of digital files.

e.     The Internet affords collectors and producers of child pornography several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

f.     Individuals also use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Yahoo!, Dropbox, and Hotmail, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any

5

computer or cell phone with access to the Internet.  Evidence of such online storage of child

pornography is often found on the user's computer and/or cell phone.  Even in cases where

online storage is used, however, evidence of child pornography can be found on the user's

computer in most cases.

        g.    As is the case with most digital technology, communications by way of

computer can be saved or stored on the computer used for these purposes.  Storing this

information can be intentional, i.e., by saving an e-mail as a file on the computer or saving

the location of one's favorite websites in, for example, "bookmarked" files.  Digital

information can also be retained unintentionally, e.g., traces of the path of an electronic

communication may be automatically stored in many places (e.g., temporary files or ISP

client software, among others).  In addition to electronic communications, a computer user's

Internet activities generally leave traces or "footprints" in the web cache and history files of

the browser used.  I know that digital evidence, including pictures and videos, generally

remains indefinitely on a digital storage device such as a computer or cell phone until deleted

or overwritten.  I know that a computer forensic examiner can sometimes discern which

external devices, such as a thumb drive or a camera or a cell phone, have been connected to a

computer.  I also know that even if a computer or cell phone user deletes such evidence, a

computer forensic expert can sometimes still recover it from the device using forensic tools

months, even years, after the fact.

6

**PROBABLE CAUSE**

6.      In July 2021, HSI Oklahoma City received Cybertip 93270927 from the

National

Center for Missing and Exploited Children (NCMEC) via the Oklahoma Internet Crimes

Against Children Task Force and reported by the electronic service provider Google.

Cybertip 93270927 indicated Google user "Brad Collins", with an email address of

smallgamer2013@gmail.com and verified1 phone number 405-823-1297, stored picture and

video files depicting child pornography material in his/her Google Photos account

("SUSPECT ACCOUNT").  The user uploaded the images to the SUSPECT ACCOUNT

between March 22, 2021 and March 30, 2021.

7.      According to the Cybertip, Google reported the IP addresses used to upload the

child

pornography material picture and video files to the account.  Among the listed IP addresses,

158.62.156.33 was used to upload child pornography material on March 22, 2021, at

08:59:11 UTC and on March 30, 2021 at 04:41:05 UTC, 04:53:46 UTC, 04:54:43 UTC,

08:45:02 UTC, 13:40:23 UTC, 21:49:14 UTC and 21:51:52 UTC.  This IP address was also

used numerous other times to log into the account.  According to the American Registry for

Internet Numbers, this IP address was allocated to OEC Fiber.

---

1 Google users can use a two-factor authentication system to protect their account.  Google will send a numerical
code via SMS message to the user-entered cell phone number and the user must enter the code when signing into
their Google account, thus verifying the phone number on the account is the same phone number used by the user to
access the account.

8.     Additionally, Google provided the suspected child pornography images and videos (66 total) stored in the Google Photos account.  I viewed the images and videos provided by Google and identified 47 images and 19 videos that met the federal definition of child pornography.  One of the videos I viewed with the filename "Google-CT-RPT-d8aa88970f82acf8da5186ec5ac0b875-x3_031036.mp4," was uploaded by the SUSPECT ACCOUNT on March 30, 2021, at 21:51:52 UTC from the IP address 158.62.156.33.  I observed this video to be a color video, approximately 10 minutes long, depicting a nude prepubescent female with a nude adult male and included the female performing oral sex on the male, the male fondling the female's breasts and vagina and the male penetrating the female's vagina with his penis.  According the Cybertip, Google reported that one of their personnel also viewed the video and determined it contained apparent child pornography.

9.     On July 14, 2021, an administrative summons was issued to OEC Fiber to produce the subscriber information related to the IP address 158.62.156.33 on the following dates/times:

03-22-2021 08:59:11 UTC
03-30-2021 04:41:05 UTC
03-30-2021 04:53:46 UTC
03-30-2021 04:54:43 UTC
03-30-2021 08:45:02 UTC
03-30-2021 13:40:23 UTC
03-30-2021 21:49:14 UTC
03-30-2021 21:51:52 UTC

10.     On July 14, 2021, OEC Fiber responded to the summons and identified the

following account holder and address as being the subscriber for the above IP address on the

dates/times requested:

> Name: Brad K. Collins ("COLLINS")
> Address:  4000 Cemetery Rd #100, Noble, Oklahoma 73068
> Email:  sagan_collins@yahoo.com2
> Phone Number:  405-823-1231

11.     On August 23, 2021, I conducted surveillance at 4000 Cemetery Road, Trailer

100 in Noble, Oklahoma and positively identified the target address (Trailer 100) by

observing the number "100" clearly labelled on the side of the trailer and consistent with the

numbering of the surrounding trailers in the neighborhood.  Additionally, I observed the

target address had a yellow "soft" covered carport with a white 2018 Ford Fusion bearing

Oklahoma registration KSZ900, parked under it and in the driveway of the trailer house.

The white Ford Fusion was registered to COLLINS at that same address.

12.     On August 25, 2021, I received information from the Oklahoma Department

of Corrections (ODOC) Office of the Inspector General (OIG) that they had initiated an

investigation into COLLINS (who was employed as an ODOC Correctional Officer) alleging

he had smuggled contraband into the jail system.  Between August 2021 and February 2022,

ODOC OIG had filed Oklahoma state felony charges against COLLINS for bringing

contraband into a penal institution and COLLINS had moved out of Trailer 100 at 4000

---

2 According to the Oklahoma State Courts Network, Sagan Collins was married to Bradley Collins.  Bradley Collins
filed for divorce from Sagan on October 4, 2021, which was granted on November 9, 2021.  Additionally, Sagan
Collins was listed as the "Addl Contact" on Bradley Collins' OEC account.

Cemetery Road in Noble, Oklahoma; confirmed via surveillance conducted on February 22, 2022.

13.    On March 31, 2022, I conducted a review of the Oklahoma State Courts Network (OSCN) and discovered the Oklahoma state felony charge of Bringing Contraband into a Penal Institution was dismissed by agreement and replaced with a misdemeanor charge of Contraband in a Penal Institution, to which COLLINS pled guilty and was sentenced to one year deferred and 100 hours of community service.

14.    On July 18, 2022, HSI Oklahoma City Task Force Analyst Julie Kindle conducted an Oklahoma Gas and Electric utilities check that listed COLLINS' new address (receiving services under the name Brad K. COLLINS) as 2824 Dewey Avenue, Apartment #208, Norman, Oklahoma ("SUBJECT PREMISES"), which is an apartment at the Emerald Greens Apartments.  On July 19, 2022, a review of the OSCN revealed a Forceable Entry and Detainer was filed in small claims court against COLLINS by the Emerald Greens Apartments.

15.    On July 25, 2022, I conducted surveillance at the Emerald Greens Apartments between 6:30 P.M. and 7:30 P.M. and observed a white 2018 Ford Fusion Hybrid bearing Oklahoma registration KSZ900 (registered to Brad COLLINS at 4000 Cemetery Rd, TRLR 100, Noble, OK) and a two-toned grey Ford F-150 bearing Oklahoma registration IRA333 (registered to Sagan Collins at 4000 Cemetery Rd, TRLR 100, Noble, OK) parked close to the SUBJECT PREMISES.  On August 1, 2022, I received verification from the U.S. Postal

Inspection Service that Sagan and Bradley COLLINS were known to receive mail at that address.

16.    On August 2, 2022, I again conducted surveillance at the SUBJECT PREMISES and observed COLLINS exit building 2824 from the stairs originating from the upstairs patio of apartment #208 and enter the two-toned gray Ford F-150 bearing Oklahoma registration IRA333. I then followed COLLINS to his presumed place of employment and observed him exit the same vehicle.

17.    On August 9, 2022, based on the foregoing facts, I applied for and was granted a federal search warrant for the SUBJECT PREMISES. On August 18, 2022, the search warrant was executed and COLLINS was interviewed by me and Special Agent (SA) Rachel Cathie. COLLINS provided agents with the cell phone on his person (identified as the DEVICE). COLLINS was read his Miranda warnings (witnessed by SA Cathie) and agreed to speak to agents without the presence of an attorney. During the interview, COLLINS admitted to owning the DEVICE, owning the cell phone number 405-823-1297, owning the email address "smallgamer2013@gmail.com," living at the 4000 Cemetery Road, TRLR 100, Noble, Oklahoma residence and having a Google Photos account, all during the March 2021 time frame. Additionally, COLLINS admitted to viewing and downloading child pornography during the March 2021 time frame and stated that he believes that was why his "smallgamer2013@gmail.com" account was suspended. COLLINS gave agents consent to search the DEVICE and while performing a cursory search on the DEVICE, SA Cathie

11

observed "the smallgamer2013@gmail.com" email address was linked to his Samsung account, which is the account used for cell phone services. COLLINS also admitted to downloading and viewing child pornography on his cell phone. COLLINS defined child pornography as sexual images of children under the age of 18 or 16 and described some of the child pornography he viewed at that time (which matched the child pornography I observed, that was reported by Google to NCMEC). When we received the DEVICE from COLLINS, we were not inside the SUBJECT PREMISES. And while I believe he voluntarily consented to its search, he was somewhat reticent at first, so I am seeking this search warrant in an abundance of caution.

### CHARACTERISTICS COMMON TO INDIVIDUALS INVOLVED IN CHILD PORNOGRAPHY OFFENSES AND WHO HAVE A SEXUAL INTEREST IN CHILDREN AND IMAGES OF CHILDREN

18.     Based on my previous investigative experience related to child pornography investigations and my training and experience and that of other law enforcement officers with whom I have had discussions, I have learned that individuals who collect and produce images and videos of child pornography are often individuals who have a sexual interest in children and in images of children, and that there are certain characteristics common to such individuals:

a.      Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually

suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

      b.    Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media, including all manner of digital file storage devices as well as email accounts. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

      c.    Likewise, individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer or other digital file storage device and surrounding area or password-protected email account. These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the individual to view the collection, which is valued highly, and keep it safe and private. Additionally, digital files are usually stored in more than one location and/or backed up on separate storage media to prevent loss of a collection. For example, a child pornography collector can store child pornography remotely on an email provider's servers to back up his collection and make it available to him when he is away from his home

computer.

     d.     Individuals who have a sexual interest in children or images of children also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

     e.     Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

## **CONCLUSION**

     19.     Based upon the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of the foregoing criminal violations are located in the DEVICE; therefore, I seek a warrant to search the DEVICE for the items listed in Attachment B.

Respectfully Submitted,

Abraham Schenk
Special Agent
Homeland Security Investigations

14

Subscribed and sworn to before me on this 26th day of August 2022.

GARY PURCELL
United States Magistrate Judge

## ATTACHMENT A

### DESCRIPTION OF LOCATIONS TO BE SEARCHED

The DEVICE is a Samsung Galaxy S21 with a full, black screen on the front and the back/sides are silver with three large circular camera lenses on the top left, one small camera lens, and the words "SAMSUNG," "Manufactured in Vietnam," and "IMEI: 357450240493367" labeled on the bottom of the back of the DEVICE.

 



## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1.      Any and all digital notes, documents, records, or correspondence pertaining to the possession of child pornography as defined in 18 U.S.C. § 2256(8).

2.      Any and all digital images of child pornography as defined in 18 U.S.C. § 2256(8).

3.      Any and all digital notes, documents, records, or correspondence identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8).

4.      Any and all digital notes, documents, records, or correspondence concerning the receipt, transmission, or possession of child pornography as defined in 18 U.S.C. § 2256(8).

5.      Any and all digital notes, documents, records, or correspondence concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to whose with an interest in child pornography.

6.      Any and all digital notes, documents, records, or correspondence concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

7.      Any and all digital records, documents, invoices and materials that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection

1



to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

8.      Any and all digital address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8).

9.      Any and all records pertaining to ownership of the DEVICE described in the affidavit.

10.      Any and all diaries, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

2

